IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| OTIS L. TAYLOR, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-01175-STA-jay |
| ) | |
| KENNETH D. HUTCHISON, ) | |
| ) | |
| Respondent. ) | |

ORDER GRANTING MOTION TO DISMISS PETITION,
DISMISSING PETITION WITHOUT PREJUDICE,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 20, 2019, Petitioner, Otis L. Taylor, Jr., filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondent, Kenneth D. Hutchison, has filed a motion to dismiss the Petition, arguing that Petitioner has not yet exhausted his state court remedies. (ECF No. 7.) Taylor has not opposed the motion. For the following reasons, the motion is **GRANTED**, and the Petition is **DISMISSED**.

Before a federal court will review the merits of a claim brought under § 2254, the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To be properly exhausted, a claim must be "fairly presented" through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999). As a general matter, a petition containing unexhausted claims should be dismissed. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

1

The judgment of conviction and sentence which are the subject of the Petition, here, were entered in early 2019 in the Circuit Court of Madison County, Tennessee. (ECF No. 1 at 1; ECF No. 7-2 at 1.) Taylor filed a notice of appeal on July 12, 2019. (*See* ECF No. 7-2.) One month later, he filed his federal Petition, admitting on the face of that document that his state direct appeal is "pending." (ECF No. 1 at 2.) That fact is confirmed by the Tennessee Appellate Court Case Search website, which shows that the most recent activity in that case is an order entered on October 15, 2019, denying as premature Taylor's motion to withdraw the record and informing him that "the time for filing [his] brief has not yet commenced." [1]

Because the claims presented in the Petition have not been exhausted, the motion to dismiss is **GRANTED**. The Petition is **DISMISSED** without prejudice.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds,

---

[1] *See State v. Taylor*, No. W2019-01246-CCA-R3-CD (Tenn. Crim. App. Oct. 15, 2019), Tennessee State Courts Appellate Case Search website (last accessed Oct. 18, 2019), https://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=76907&Party=True.

the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[2]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
**S. THOMAS ANDERSON**
**CHIEF UNITED STATES DISTRICT JUDGE**

Date: October 18, 2019

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.